## Rump *versus* The Commonwealth.

The statute of 13 Geo. 2, ch. 7, and the Act of Assembly of 3d February 1743, made the naturalization of foreigners a subject of judicial cognisance in the state courts; and this jurisdiction has never been taken away.

The Constitution of the United States does not profess to change the jurisdiction; and the Acts of Congress expressly leave it to the state courts.

Naturalization is a judicial act; for it is a cause to be heard and decided on evidence, and involves a question of legal right.

Though such cases arise under the constitution and laws of the United States, yet, because these are part of the law of the land, and merely give the rule for an admitted state function, our state courts may entertain this jurisdiction.

False swearing in a naturalization proceeding is perjury at common law, in this state, and may be punished as such by indictment in the state courts.

That it may be also an offence against the federal government, is no objection to the jurisdiction. If two relations are violated by the same act, each must have its remedy. It is not of right, but of grace, that the transgressor is saved from either.

ERROR to the Quarter Sessions of *Philadelphia*.

This was an indictment for perjury, wherein Philip Rump, the defendant, was charged with having falsely sworn, before the District Court for the city and county of Philadelphia, on the application of Daniel McShane to become a citizen of the United States, that, to his knowledge, the said Daniel McShane had resided in the United States five years immediately preceding his application to be a citizen.

The defendant having been convicted and sentenced, obtained this writ of error, and assigned for error: 1. That no offence was charged in the indictment. 2. That the court below had no jurisdiction.

*Weil, Ranken*, and *H. M. Phillips*, for the plaintiff in error.—It will scarcely be pretended, that the false swearing alleged thus to have been committed was perjury at common law. Is this a judicial proceeding? Are the judges before whom the oath was taken expounders of the law in this matter? It is beyond controversy, that they are merely invested with a right to administer an oath; a right conferred by an Act of Congress, a right which Congress could lawfully confer upon any private citizen.

By the common law, the oath must be taken in a judicial proceeding, and before a competent jurisdiction: Rex *v.* Aylett, 1 *T. R.* 69; 2 *Russ. on Crimes* 1753; Buxton *v.* Gouch, 3 *Salk.* 269; United States *v.* Passmore, 1 *W. C. C.* 84.

The power of Congress over the subject of naturalization is plenary and exclusive, and the states possess no authority, independent or concurrent, in relation to it: Chirac *v.* Chirac, 2 *Wheat.* 259; 2 *Story Const.* § 1094.

[Rump *v.* The Commonwealth.]

Congress cannot vest any portion of the judicial power of the United States, except in courts ordained and established by itself: Martin *v.* Hunter's Lessee, 1 *Wheat.* 330; Houston *v.* Moore, 5 *Wheat.* 26. The state courts have no jurisdiction of criminal offences against the United States, nor can such jurisdiction be conferred upon them by Act of Congress: United States *v.* Lathrop, 17 *Johns.* 4; Haven *v.* Sharp, 1 *Dana* 422; Hagan *v.* Dudley, 10 *Law Rep.* 371.

The courts of the United States exercise no common law jurisdiction; false swearing in any matter under a law of the United States, is made a statutable offence, by Act of Congress of 3d March 1825, and is cognisable only in the federal courts: United States *v.* Lancaster, 2 *McLean* 431; Ex parte Bollman, 4 *Cranch* 75, 93, 103; 3 *Wheat.* 389.

The plaintiff in error is liable to be indicted and tried by the courts of the United States, and the plea of *autrefois convict* by a state court would be no bar: Act of Congress of 3d March 1825, § 13, *Brightly's U. S. Dig.* 213; Marston *v.* Jenness, 11 *N. H.* 156; Commonwealth *v.* Peters, 12 *Met.* 387.

Where a statute creates the offence, and fixes the punishment, the prosecution must be against the statute: The King *v.* Dixon, 10 *Mod.* 335; 1 *Burr.* 543; 4 *Id.* 2026.

*Mann* and *Loughead*, for the Commonwealth.—It is argued, that Congress cannot confer jurisdiction on the state courts. It is admitted, that Congress cannot compel a state court to enforce rights created by it; nor can it vest any jurisdiction in a state court, which the constitution confers on the federal courts exclusively. But it may, and does, in an infinite number of cases, create rights which the state courts are authorized, by express words, or with equally forcible implication, to adjudicate: Commonwealth *v.* Schaffer, 4 *Dall. App.* xxx.

The cases cited by the plaintiff in error do not sustain his case. The judicial power, which is incommunicable, is that which has become, by legislation under Acts of Congress, *exclusive*, or was so made by the constitution. See 1 *Kent Com.* 396, 400.

As late as 1842, the same judge who delivered the opinion in Martin *v.* Hunter, declared that no doubt existed in that court, but that state magistrates might exercise the jurisdiction conferred by Congress, if they pleased to do so, and were not prohibited by the legislature: Prigg *v.* Pennsylvania, 16 *Pet.* 622.

And this is the ground taken in United States *v.* Lathrop: see Ramsden's case, 13 *Howard's Pr. Rep.* 429. Hagan *v.* Dudley has since been overruled by the Court of Appeals of Kentucky. The legislation of Congress, the decisions of the Supreme Court of the United States, and of this state, all show, that excepting those cases in which exclusive jurisdiction is conferred by the con-

[Rump v. The Commonwealth.]

stitution, it may be exercised, by authority of Congress, by state tribunals : 1 *Kent* 306, 393. Such is the exception in the Act of 1825, punishing perjury : Com. *v.* Schaffer, 4 *Dall. App.* xxx.; Buckwalter *v.* The United States, 11 *S. & R.* 193.

The proceeding, though *ex parte*, was a judicial one, to determine the particular *status* of the petitioner, namely, his right to citizenship : Stark *v.* Chesapeake Ins. Co., 7 *Cranch* 420 ; Campbell *v.* Gordon, 6 *Cranch* 176 ; Spratt *v.* Spratt, 4 *Pet.* 407 ; Slade *v.* Minor, 2 *Cr. C. C.* 139; Anon., 7 *Hill* 140 ; In re Clark, 18 *Barb.* 444 ; Ex parte Cregg, 2 *Curt. C. C.* 98 ; Ritchie *v.* Putnam, 13 *Wend.* 524 ; McCarthy *v.* Marsh, 1 *Seld.* 263–78.

That the court mentioned in the indictment, was a court of record of this Commonwealth, is a fact of which this court will take judicial notice, and that the state courts have jurisdiction under the Acts of Congress, is shown by Houston *v.* Moore, 5 *Wheat.* 1 ; 1 *Kent Com.* 396, 400 ; Giller *v.* Herndon, and Ward *v.* Mann, cited in 1 *Kent Com.* 397, *note a*; United States *v.* Dodge, 14 *Johns.* 95; Prigg *v.* Pennsylvania, 16 *Pet.* 539, 622; State *v.* Randall, 1 *Aikins* 89 ; State *v.* Wells, 2 *Hill S. C.* 687 ; Buckwalter *v.* United States, 11 *S. & R.* 193. If the court has jurisdiction, false swearing therein is perjury against the state, at common law. This is an incident to the jurisdiction.

The opinion of the court was delivered by

Lowrie, C. J.—False swearing in a naturalization proceeding is punishable by our state law. We need not notice the theoretic and practical conflict that occasionally appears between federal and state functions. To all orderly minds, the action of the state courts in the naturalization of foreigners, stands justified by the fact that it has had an almost undisputed growth since the organization of the Union.

And our practice on this subject is fully justified by positive law. The stat. 13 Geo. 2, c. 7, (1740,) followed by our provincial Act of 3d February 1743, (*Hall & Sellers* 197,) made the naturalization of foreigners a subject of judicial cognisance before our state courts ; and this jurisdiction has never been taken away. The Constitution of the United States does not propose to change the jurisdiction, but only the rule of its exercise ; and the Acts of Congress expressly leave it to the courts.

Naturalization is a judicial act : 4 *Pet.* 406. It is made so by positive law, and is essentially so in its nature ; for it is a cause to be heard and decided on evidence, and involves a question of legal right. And although such cases arise under the constitution and laws of the United States, yet, because these are part of the law of the land, and merely give the rule for the exercise of our admitted state functions, our state courts may entertain this jurisdiction.

[Rump *v.* The Commonwealth.]

False swearing in a naturalization proceeding is, therefore, perjury at common law, in our state, and may be punished. by our courts as such. That it may be an offence against the federal government also, is no objection. If two laws are broken, both naturally demand their penalty; though, in such a case as this, it is not likely to be done. Punishment for an offence against society does not save from damages to the individual injured by the same act; and civil punishment does not relieve from the divine punishment involved in the laws of nature. If two relations are violated by the same act, each must have its remedy. It is not of right, but by grace, that the transgressor is saved from either.

We see no material defect in the indictment.

Judgment affirmed.