*In re* LONEY.

*(Circuit Court, E. D. Virginia.* February 19, 1889.)

COURTS—JURISDICTION—FEDERAL COURTS.

> Defendant was charged before a state court with perjury in having testified falsely before a notary public in a proceeding under Rev. St. U. S. c. 8, tit. 2, regulating the taking of testimony in a contest for a seat in the house of representatives of the United States. *Held,* that the offense is cognizable only by the federal courts, under Rev. St. U. S. § 5392, providing for the punishment of perjury in any case in which the laws of the United States authorize an oath to be administered, and the second section of the judiciary act of August 13, 1888, giving the United States courts exclusive cognizance of all crimes cognizable under the authority of the United States.

Application for *Habeas Corpus.*
*Edgar Allan* and *J. S. Parrish,* for petitioner.
*R. A. Ayers,* Atty. Gen., for the Commonwealth.

HUGHES, J. Wilson Loney was arrested by a state officer for trial before a state tribunal on a charge of perjury, alleged to have been committed in testifying as a witness in a contest for a seat in the house of representatives of the United States, directed and regulated by an act of congress, before an officer deriving his power to take testimony in such contest solely from an act of congress. See title 2, c. 8, Rev. St. U. S.

The contest in which Loney testified is not within the purview of any law of Virginia, and is unknown to the jurisdiction of the state courts. It is especially and exclusively a federal proceeding. A notary public is a state officer, having power to administer any oath required by state law, and no other. He has no power to administer oaths required by acts of congress, unless he is expressly authorized to do so by act of congress, in doing which he acts as an officer of the United States, and not as an officer of the state. This writ is issued by authority of section 753 of the Revised Statutes of the United States, which allows it "in any case in which the prisoner has done an act"—that is to say, has testified—"in pursuance of a law of the United States." Perjury committed before any officer in such a contest is amenable to punishment under section 5392 of the Revised Statutes of the United States, which declares that "every person who, having taken an oath before a competent tribunal, officer, or person in any case in which a law of the United States authorizes an oath to be administered, that he will testify * * * truly, willfully and contrary to such oath states any material matter which he does not believe to be true, is guilty of perjury, and shall be punished," etc. And the second section of the judiciary act of August 13, 1888, in a clause which has been continued in all the judiciary acts of congress since 1789, provides that "the circuit courts (concurrently with the district courts) of the United States shall have exclusive cognizance of all crimes and offenses cognizable under the authority of the United States except as otherwise provided by law." And there is no act of congress "which provides otherwise" in respect of perjury, when committed in circumstances wherein it is an offense against the United States. Section 711 of the United States Revised Statutes repeats and emphasizes the provision of the acts of 1789 to 1888.

In general, and indeed in the great majority of cases, perjury is an offense against the state, cognizable exclusively by the state courts. But when committed by persons designated by penal laws of congress, in proceedings prescribed and regulated solely by acts of congress, it is an offense against the United States, and is exclusively cognizable by the national courts. It is contrary to the policy of the law and to the principles of humanity that a person shall be amenable to trial and punishment for the same act in two different tribunals belonging to different jurisdictions. Undoubtedly there are cases in which this policy of the law would seem to be ineffective. In an election where a member of congress and a state officer are voted for at the same time a false oath by the voter would be cognizable in both the national and state courts, and the latter would be generally left to deal with it. So, when a murder is committed, and the fatal shot is received in a national fort or dock-yard, and death ensues out of such place in an adjoining county, the dual jurisdiction would again occur, and that court would proceed to trial and judgment which first took cognizance of the offense. These are exceptions to the exclusive rule of jurisdiction, and bring into exercise the comity of courts. I think it is to these cases that section 5328 of the United States Revised Statutes refers.

But the case at bar does not resemble those that have been referred to. The contest for a seat in the house of representatives is a proceeding unknown alike to state legislation and the state judicatories, and violations of the laws of congress regulating it are offenses against the United States, and not against the state, of which the national courts have exclusive jurisdiction. The leading authority in support of this proposition is the decision of Mr. Justice BRADLEY in the case of *Ex parte Dock Bridges*, in 2 Woods, 428. The prisoner must be discharged from the custody of the state officer, and, if proper complaint be made, must be taken into custody of the marshal of this court, to be dealt with as provided for by the laws of congress. I have heard this case in circuit court, and will make the order of discharge in this court in order that if I have erred in this ruling the matter may at once be taken to the supreme court of the United States, where, being privileged, it may be decided without delay.