## UNITED STATES v. LEHMAN.

*(District Court, E. D. Missouri, E. D.* September 5, 1889.)

1. INDICTMENT—FORM AND SUFFICIENCY.
    An indictment which states facts constituting an offense under a certain statute, and concludes with the averment that the acts alleged to have been committed were "contrary to the form of the statutes," is not objectionable because it also alleges that defendant thereby committed a certain named crime, while the statute does not declare the offense it prohibits to be that crime, as the allegation is surplusage.

2. PERJURY—NATURALIZATION PROCEEDINGS.
    Rev. St. U. S. § 5424, which makes it an offense for any person applying to become a citizen, or appearing as a witness for such person, to "falsely make, forge, or counterfeit any oath," etc., applies to written oaths, and not to false swearing in open court, in a naturalization proceeding by a witness for the applicant, as the latter offense is punishable exclusively under section 5395.

3. SAME.
    Rev. St. U. S. § 5425, making any one guilty of a felony who "obtains, accepts, or receives any certificate of citizenship, known to such person to have been procured by fraud," applies to the acceptance of such a certificate obtained by fraud practiced on the court which issued it at the time thereof, and not simply to the acceptance of a fraudulent certificate outstanding in the hands of third persons.

**4.** SAME—INDICTMENT.

An indictment for a violation of such statute which describes the fraud charged by averring only that defendant obtained a certificate at a time when he was not legally entitled thereto, without describing the facts constituting the fraud, is bad, though it avers that such acts are unknown to the grand jury.

**5.** SAME.

A subsequent count in the indictment for "counseling and advising" the commission of the offense prohibited by section 5425, in violation of section 5427, which alleges that the fraud charged consisted in making a false statement to the court granting the certificate, is sufficient.

**6.** SAME—JOINDER OF COUNTS.

As the offense defined in section 5395, *i. e.*, the taking of a false oath in naturalization proceedings, is a felony, counts under that section are properly joined with counts under sections 5425 and 5427.

At Law. On demurrer to indictment.

Lehman was indicted for a violation of Rev. St. U. S. §§ 5395, 5425, and 5427, and demurs to the indictment. Section 5395 makes it a punishable offense to knowingly swear falsely in any proceeding under the naturalization laws. Section 5424 makes it an offense for any person applying to become a citizen, or appearing as a witness for such person, to "falsely make, forge, or counterfeit any oath," etc. Section 5425 makes it a felony to obtain, accept, or receive any certificate of citizenship known to such person to have been procured by fraud. Section 5427 prohibits the counseling or advising of another to commit the offense defined in section 5425.

*George D. Reynolds*, Dist. Atty.

*D. P. Dyer*, for defendant.

THAYER, J. I have arrived at the following conclusions on the various points raised by the demurrer:

1. The objection made to the first count by defendant's counsel amounts to this, that because the pleader at the conclusion of the count uses the following language, "and so the grand jurors * * * say * * * that he, the said Julius Lehman, * * * feloniously, falsely, etc., * * * did commit * * * perjury," the count is not good under section 5395, Rev. St. U. S., which does not declare the offense therein mentioned to be perjury. The objection made is not tenable. The language quoted is merely the conclusion of the pleader, and no part of the description of the offense. The facts constituting an offense under section 5395 had been previously stated. It matters not that the grand jury supposed, and so stated, that the offense described was perjury. It was not necessary for them to give a name to the offense, and their attempt in that direction may be rejected as surplusage. Rejecting the words above mentioned, the indictment concludes properly with the averment that the acts said to have been committed were "contrary to the form of the statutes of the United States," etc., which is all that is necessary.

2. The words "or falsely makes, forges, or counterfeits any oath," etc., in section 5424, were intended to describe the offense of counter-

feiting the written oath commonly known as "first papers," provided for in section 2165, Rev. St. U. S., or the final certificate of citizenship issued two years thereafter, or some record of a court pertaining to naturalization, or a written affidavit, notice, etc. This section 5424 does not cover the case of false swearing or false testimony given in open court in a naturalization proceeding by a witness for the applicant- Offenses of the latter kind are punishable exclusively under section 5395. The reasons leading me to this conclusion are as follows: In the first place, congress cannot be presumed to have provided for the punishment of the offense of swearing falsely in a naturalization proceeding, in two different sections of the law, and to have prescribed two different punishments for the same offense, as is the case if sections 5395 and 5424, Rev. St. U. S., relate to, or cover the same offense. Again, the words "or falsely makes, forges," etc., in section 5424, are the words which congress almost invariably uses when the crime of counterfeiting or forging something, such as coin, money-orders, bonds, bank-notes, patents, etc., is intended to be described. See following sections of Rev. St. U. S., where the same language is employed: Sections 5457, 5458, 5463, 5479, 5415, 5416, and 5418. I am fully satisfied that the main thought in the mind of the law-maker, when section 5424 was drafted, was to prevent forging and counterfeiting of first and final papers usually issued to applicants for naturalization, and this view is fortified and enforced by a careful reading of the act of July 14, 1870, (16 U. S. St. at Large, 254,) from which sections 5395, 5424, 5425, 5426, and 5427 are drawn. The result of this ruling is that count No. 2 of the indictment is not good unless it sufficiently states an offense under section 5395, under which the first count is drawn. If it does, it is no more than a repetition of the first count, in slightly different language; but whether it does or not, is not very material, as a man can only be punished once for the same offense, no matter in how many counts the offense is stated.

3. Passing to the third count I understand that two objections are made to the same. This count is framed on sections 5427 and 5425, Rev. St. U. S., and charges the defendant as a principal in the second degree with aiding and abetting another in the commission of a felony. The felony so committed, in the language of the statute, (section 5425,) is consummated when one "obtains, accepts, or receives any certificate of citizenship known to such person to have been procured by fraud, or by the use of any false name, or by means of any false statement made with intent to procure * * * the issue of such certificate." The indictment shows that the principal offender, whom the defendant is said to have aided and abetted, (one Ernst John,) obtained, accepted, and received the certificate from the court that granted it; that is to say, the St. Louis court of criminal correction. The point is made, as I understand, that if so obtained by a fraud committed on the court that issued it, at or just before the obtaining or acceptance, such an obtaining or acceptance is not within the statute; that the statute refers to the obtaining, acceptance, or receipt of fraudulent or forged certificates of citizenship theretofore issued or made, which are outstanding in the hands of third parties.

I can find nothing in the statute that justifies such an interpretation. I think the acceptance from the clerk of a court, or from the hand of the judge himself, of a certificate of citizenship, which the applicant knows that the court has been procured or induced to grant by the fraud or false testimony of the person himself who accepts or receives it, is an offense under section 5425, as well as the obtaining of a certificate from any other party. Congress clearly has power to make the acceptance or receipt of the certificate under the circumstances supposed, an offense separate and distinct from the offense of false swearing, by which the court was induced to grant it, and I think it clear that it intended to punish persons who knowingly accepted a fraudulent certificate from any person or persons.

It is further urged that count No. 3 is bad, because it does not describe the fraudulent acts by which the certificate of citizenship alleged to have been "obtained, accepted," etc., was procured. In an indictment under the third clause of section 5425 for " obtaining, accepting, or receiving a certificate, knowing that it has been procured by fraud," there can scarcely be a doubt that it is essential to allege and describe the fraud by which the certificate was procured. Counsel for the government, in effect, concede that such is the rule of criminal pleading. An indictment in the words of the statute, merely alleging that it was "known to the defendant to have been procured by fraud," and not advising the defendant or the court of the acts constituting the fraud of which the accused was alleged to have had knowledge, would be clearly bad. *U. S.* v. *Cruikshank*, 92 U. S. 557–559; *U. S.* v. *Cook*, 17 Wall. 174; *U. S.* v. *Mills*, 7 Pet. 142; *State* v. *Parker*, 43 N. H. 83; *State* v. *Keach*, 40 Vt. 118; *Alderman* v. *People*, 4 Mich. 414. It is contended, however, that the indictment in this case does sufficiently describe the fraud by which the certificate of citizenship was procured, and that the grand jury has merely omitted, as it might lawfully do, to describe the manner and means by which the fraud was committed, because they were unknown to the jurors. Attention is called in support of this contention, to the following clause of the indictment, as sufficiently describing the fraud by which the certificate was procured, to-wit:

"Which said fraud committed before said last-named court was and is that the said Ernst John (the principal offender) then and there obtained said certificate from the last-named court, notwithstanding that, at the time he arrived in the United States, he was under the age of eighteen years, and had not resided therein three years next preceding his arrival at the age of twenty-one years, and was not then and there entitled to be admitted to become a citizen, and said fraud was so committed by said Ernst John * * * in some manner and by some means to the grand jurors unknown."

It is not claimed that the fraud in question is described or alleged in the indictment, otherwise than in the paragraph quoted. There is an attempt, as will be observed in this allegation, to describe a fraud otherwise than by describing the acts of which it consists. But as the word "fraud" or "fraudulent" is merely a term which is used to denote the character of given acts or conduct, and as a fraud may be committed

in a variety of ways, almost too numerous to mention, it may be doubted whether a fraud can ever be sufficiently described or alleged in a legal proceeding, without describing the acts done of which it consists. In the present indictment, by the language above quoted, the pleader has not described a fraud, or a state of facts from which it must necessarily be inferred that a fraud was committed. It is merely averred that a certificate of naturalization was obtained by a person, notwithstanding at the time of his arrival in the United States he was not under 18, and had not resided here three years preceding his arrival at the age of 21, and was not entitled to be admitted a citizen. But it is not a necessary inference that a fraud was committed by such person. The registry of birth of such person may have been lost, and he may, in good faith, have believed that at the time of his arrival in this country he was under 18, and have so testified, and obtained a certificate on the strength of such evidence, although in point of fact he was over 18 on his arrival in this country. In such a supposable case, it would be erroneous to say that the certificate was procured by fraud within the meaning of the statute. In my judgment the third count of the indictment is bad, because it does not sufficiently describe the fraud by which the certificate of citizenship, alleged to have been obtained and received, was procured. To make out a good count, under the statute in question, the pleader must allege the acts constituting the fraud. If the fraud consisted in making a false oath or statement whereby the court was deceived, the indictment ought to say so, and aver what the statement was. It will not do to say that the fraud in the procurement of the certificate of citizenship consisted in the fact that a person obtained citizens papers who was not legally entitled to them, but that the means by which they were so obtained is unknown, because the means resorted to—the acts done to obtain the certificate—are the very things which the law requires to be alleged and proven; and furthermore, the certificate, although unlawfully issued, may not have been issued under such circumstances as amounted to a fraud. The authority cited, (*Com.* v. *Webster*, 5 Cush. 295,) showing that in an indictment for murder it is not always necessary to describe the implements or weapons by which the murder was committed, or the precise manner of the killing, seems to me to have no bearing on the point involved in the case at bar. Neither does the decision in *Com.* v. *Ashton*, 125 Mass. 384, have any just application to the present case. In that instance, (as I infer from the opinion,) a statute declared it to be an offense "to obtain money by means of a game, device, sleight of hand trick, or other means, by the use of cards." The indictment averred that money was obtained "by a game, device, trick, etc., by the use of cards." The court held this to be sufficient, saying, in substance, that as the statute itself described all the elements of the offense with certainty, it was sufficient to allege it in the words of the statute.

In the present case, it is not contended that the federal statute describes the offense with such certainty that the language of the statute will suffice in an indictment. It is admitted that the word "fraud" is

so general, and may be applied to such a variety of acts, that the particular kind of fraud meant, and intended to be proven, ought to be averred. The defect in the third count is that the kind of fraud is not averred. The grand jurors say the acts constituting it are unknown to them, and in attempting to describe the general nature of the fraud they merely describe a result,—that is, the obtaining of a certificate of citizenship,—which result may have been brought about without practicing any fraud or deceit.

4. The fourth count of the indictment is also framed under sections 5425 and 5427 of the Revised Statutes, and is for "counseling and advising" the commission of the same felony described in the third count. No substantial defect in this count has been pointed out. In this count, the fraud by which the certificate of citizenship obtained and accepted by Ernst John, the principal offender, was procured, is clearly stated It is alleged that the fraud consisted in making a false statement to the court that granted the certificate, and what that false statement was is properly averred. A similar averment in count No. 3 would have made that count tenable. The result is that the demurrer is overruled as to counts 1 and 4, but is sustained as to count No. 3, and the same is quashed.

5. Under late rulings in the federal courts, it seems that the offense defined in section 5395 is a felony, hence counts under that section are properly joined with counts under sections 5425 and 5427. *U. S.* v. *Johannesen,* 35 Fed Rep. 411.