## UNITED STATES v. SEVERINO.

### (Circuit Court, S. D. New York. November 3, 1903.)

1. **NATURALIZATION—PERJURY IN STATE COURT—JURISDICTION OF FEDERAL COURT—STATUS OF STATE TRIBUNAL.**

Under Const. art. 3, § 1, providing that the judicial power of the United States shall be vested in one Supreme Court and in such inferior courts as the Congress may ordain and establish, and that the judges shall hold office during good behavior, and shall receive a compensation which shall not be diminished during their continuance in office, state courts acting in the naturalization of aliens pursuant to the authority given by Congress remain state tribunals, and do not become in any degree courts of the United States; and hence a perjury committed in such proceedings is an offense against the state, and not the federal sovereignty, and, in the absence of statute conferring jurisdiction on the federal courts, is exclusively a matter of state cognizance.

2. **SAME—STATUTE GIVING FEDERAL COURTS JURISDICTION.**

Act July 14, 1870, c. 254, 16 Stat. 254 [U. S. Comp. St. 1901, p. 3654], entitled "An act to amend the naturalization laws and to punish crimes against the same," etc., provides (section 1) that "in all cases where any oath or affidavit is made or taken under or by virtue of the law relating to the naturalization of aliens or in any proceedings under such laws" any person who knowingly swears falsely shall be punished, etc. Section 4 made the provisions of the act applicable to all naturalization proceedings before any court, and provided that "the courts of the United States shall have jurisdiction of all offenses under the provisions of this act in or before whatsoever court or tribunal the same shall have been committed." When incorporated into the Revised Statutes of 1875, section 1 of this act became section 5395 [U. S. Comp. St. 1901, p. 3654], being placed in the chapter entitled "Crimes against Justice," while the other sections were distributed elsewhere. Section 4 became section 5429 [U. S. Comp. St. 1901, p. 3670], and, with the portion of this section above quoted omitted, was made applicable only to sections immediately preceding, thus excluding section 5395. *Held* that, notwithstanding the changes on revision, section 5395 still conferred on the federal courts jurisdiction of a perjury committed in naturalization proceedings in a state court, in the procedure prescribed by Congress.

3. **SAME—REQUIREMENT OF STATE STATUTE.**

Laws N. Y. 1895, c. 927, p. 742, provides, in addition to the procedure prescribed by Congress in the naturalization of aliens, that an application in the form of a petition, accompanied by an affidavit of some citizen who may or may not afterwards be a witness, shall be filed 14 days before final action, etc. *Held*, that perjury in the making of this affidavit was not punishable in the federal courts under Rev. St. § 5395 [U. S. Comp. St. 1901, p. 3654], punishing perjuries occurring in naturalization proceedings; section 711, cl. 1 [U. S. Comp. St. 1901, p. 577] giving United States Circuit and District Courts jurisdiction of all crimes and offenses cognizable under the authority of the United States.

Henry L. Burnett, U. S. Atty., and Clarence S. Houghton and William S. Ball, Asst. U. S. Attys.

Ullo & Ruebsamen (Lorenzo Ullo, of counsel), for defendant.

THOMAS, District Judge. By chapter 927, p. 742, of the Laws of 1895, the state of New York enacted laws for the naturalization of aliens in the courts of that state in conformity to the rule of naturalization established by Congress, and also added provisions to those contained in the Revised Statutes of the United States, tit. 30 [U. S. Comp. St. 1901, p. 1329], and, among other things, that there should

be filed with the court, at least 14 days prior to the hearing for naturalization, an application that "shall be in the form of a petition, subscribed and verified by the oath of the applicant, and shall be filed in the court to which it is presented at least fourteen days before final action thereon shall be had"; and that "simultaneously with the presentation and filing of the petition herein prescribed and provided for, there shall also be filed an affidavit of a person, who must be a citizen of the United States, and who may or may not be a person whom the petitioner intends to summon as a witness at the final hearing upon his application to be admitted to become a citizen of the United States, which said affidavit shall set forth the full name, residence and occupation of the affiant, and that the affiant is a citizen of the United States and is personally well acquainted with the petitioner, and that the said petitioner will have resided for five years within the United States, and one year within the state of New York, immediately preceding the return day of the petition." The proceeding in the court is initiated by filing this petition, and upon it all subsequent proceedings are based.

In the present action the defendant was indicted for committing perjury in the affidavit accompanying such petition, wherein, as charged, he knowingly and falsely swore that he was personally well acquainted with the petitioner, and that "the said petitioner will have resided for five years within the United States, and one year within the state of New York, immediately preceding the return day of the petition." The proceeding was in the County Court of the county of Dutchess, in the state of New York. Upon the trial the defendant was found guilty, and now moves for a new trial.

There are two questions involved:

First. Whether a defendant, by committing any perjury in a naturalization proceeding in the court of a state, offends the statute of the United States, to wit:

"Sec. 5395 [page 3654, U. S. Comp. St. 1901]. In all cases where any oath or affidavit is made or taken under or by virtue of any law relating to the naturalization of aliens, or in any proceedings under such laws, any person taking or making such oath or affidavit who knowingly swears falsely, shall be punished by imprisonment not more than five years, nor less than one year, and by a fine of not more than one thousand dollars."

Second. Even if section 5395 includes false oaths in a naturalization proceeding in a court of the state of New York, does it relate to the preliminary oath of a witness to the petition, which is demanded only by the State Statute?

Title 30, Rev. St. [page 1329, U. S. Comp. St. 1901], among other things provides:

"Sec. 2165. An alien may be admitted to become a citizen of the United States in the following manner and not otherwise: First. He shall declare on oath, before a circuit or district court of the United States, or a district or supreme court of the territories, or a court of record of any of the states, having common-law jurisdiction, and a seal and clerk, two years, at least, prior to his admission, that it is bona fide his intention to become a citizen of the United States," etc.

From the federal statutes relating to naturalization two inferences have been drawn: First. That the state courts, while engaged in naturalization proceedings, become federal courts, or federal agents, and

that perjury committed therein is a crime against justice in a federal court, and is punishable only in such court. This view is illustrated in People v. Sweetman, 3 Parker, Cr. R. 358 (1857), where the General Term of the state of New York held that a witness who had committed perjury in a naturalization proceeding could be punished only in a federal court, under the federal statute denouncing perjuries. The opinion denominates the state court an agent of Congress for the purpose of naturalization.

In the Matter of Ramsden, 13 How. Prac. 429 (1857), Mr. Justice Hoffman discussed the relation of the state courts to the subject, and summarized his view as follows:

"The power of legislation upon this subject existed in the states prior to the Constitution. The legislation would have been executed in the ordinary tribunals of justice. The power has been superseded by an act of Congress passed under the Constitution. Congress adopt the state tribunals as the agents to exercise the power, as they would have performed it before. The concurrence of the state Legislatures, expressed or fairly implied, adds the sanction of the state to this delegation of power. Whether such tribunals are bound to act may admit of controversy. That their acts are lawful if they do so, seems undeniable."

The word "agents," as used in the Sweetman and Ramsden Cases, cannot mean that the state courts become other or less than courts, inasmuch as a proceeding in naturalization is recognized as a judicial proceeding in a court. Spratt v. Spratt, 4 Pet. 406, 7 L. Ed. 897; Ex parte Frank Knowles, 5 Cal. 300. If the doctrine of the Sweetman Case be adopted and applied to the action at bar, the county court, upon the filing of the application, became, as to the proceeding initiated by it, a court of the United States. The perjury, when committed, offended a court of the United States, and an indictment could be found in the proper federal court, but not in a state court.

There is another view, to the effect that courts entertaining naturalization proceedings remain courts of the state, so that persons committing perjury in such proceedings may be punished under the laws of the state, although it is neither denied nor affirmed that such persons could be punished also under the laws of the United States. This view is illustrated by the decisions in Rump v. Commonwealth, 30 Pa. 475 (1858); State v. Whittemore, 50 N. H. 245, 9 Am. Rep. 196 (1870); and these decisions are expressly approved in the opinion in In re Loney, 134 U. S. 372, 376, 10 Sup. Ct. 584, 586, 33 L. Ed. 949, where it is said:

"The decisions in the Supreme Court of Pennsylvania and of New Hampshire, cited for the appellant, holding that the judiciary of a state has jurisdiction of perjury committed in a proceeding for naturalization before a court of the state, under authority of Congress, tend rather to support than to oppose our conclusion; for they were put upon the ground that the proceeding for naturalization was a judicial proceeding in a court of the state, as it doubtless was. Rump v. Commonwealth, 30 Pa. 475; State v. Whittemore. 50 N. H. 245, 9 Am. Rep. 196; Spratt v. Spratt, 4 Pet. 393, 408, 7 L. Ed. 897."

According to this view, the state court, while entertaining such proceedings, remains a part of the sovereignty which created it, and does not become a federal court. The federal courts in instances have entertained actions to punish witnesses charged with perjury in nat-

uralization proceedings in state courts. In United States v. Lehman (D. C.) 39 Fed. 49 (1889), it was held that a person acting as a witness as to the residence of the applicant, pursuant to Rev. St. § 2167 [U. S. Comp. St. 1901, p. 1332], and swearing falsely in regard thereto, was liable to the penalty prescribed in section 5424 [U. S. Comp. St. 1901, p. 3668], which relates, among other things, to "falsely making, forging, or counterfeiting * * * any oath, * * * or other instrument, * * * required or authorized by any law relating to or provided for the naturalization of aliens." The question now under discussion was not raised, but it will be seen later that section 5429 [U. S. Comp. St. 1901, p. 3670] gives the federal court such jurisdiction over offenses included in section 5424. The decision was on demurrer to the indictment. Later (United States v. Lehman [D. C.] 39 Fed. 768) it was concluded that the offense of perjury is punishable not by section 5424, but by the above-quoted section 5395 of the Revised Statutes [U. S. Comp. St. 1901, p. 3654], which, as will appear, section 5429 does not include.

In United States v. Power, 14 Blatchf. 223, Fed. Cas. No. 16,080 (1877), Judge Benedict decided that the city court of Yonkers, N. Y., had jurisdiction of naturalization proceedings. The question arose upon an indictment found in the Circuit Court of the United States for perjury alleged to have been committed by the defendant in the city court. The jurisdiction of the Circuit Court was not questioned.

Thus far it appears that the General Term of the Supreme Court of the state of New York held that federal courts had-exclusive jurisdiction of perjuries committed in state courts in naturalization cases, because they become federal courts or agents of Congress; that Mr. Justice Hoffman, of the Superior Court of New York, also regarded state courts as agents adopted by Congress; that the courts of two states have held, with the approval expressed in In re Loney, supra, that the state courts had jurisdiction, as the proceeding was in a court of the state; and in the cases of Lehman and Power an unchallenged jurisdiction was exercised. In Re Loney, 134 U. S. 372, 10 Sup. Ct. 584, 33 L. Ed. 949 (s. c. [C. C.] 38 Fed. 101), Loney was arrested for trial before a state tribunal on a charge of perjury, alleged to have been committed in testifying as a witness in a contest for a seat in the House of Representatives of the United States. The contention in behalf of the state jurisdiction was that, as the oath was taken before a notary public, a state officer, the state court had jurisdiction. But it was held by the federal courts that, although he was a state officer, he had no jurisdiction to administer an oath in the matter before him, except pursuant to the law of the United States, and therefore that he was a person competent to take an oath, and authorized so to do by the law of the United States. Hence the case was within the general section 5392, Rev. St. [page 3653, U. S. Comp. St. 1901], relating to perjuries. In the opinion Mr. Justice Gray says:

"But the power of punishing a witness for testifying falsely in a judicial proceeding belongs peculiarly to the government in whose tribunals that proceeding is had. It is essential to the impartial and efficient administra-

tion of justice in the tribunals of the nation that witnesses should be able to testify freely before them, unrestrained by legislation of the state, or by fear of punishment in the state courts. * * * A witness who gives his testimony, pursuant to the Constitution and laws of the United States, in a case pending in a court or other judicial tribunal of the United States, whether he testifies in the presence of that tribunal or before any magistrate or officer (either of the nation or of the state) designated by act of Congress for the purpose, is accountable for the truth of his testimony to the United States only; and perjury committed in so testifying is an offense against the public justice of the United States, and within the exclusive jurisdiction of the courts of the United States, and cannot, therefore, be punished in the courts of Virginia under the general provision of her statutes."

In this very opinion is found the statement, earlier quoted, that a naturalization proceeding severally in the courts of Pennsylvania and New Hampshire "was a judicial proceeding in a court of the state." It will be observed that in the Loney Case the proceeding and purpose and subject-matter thereof were entirely federal, and that a person belonging to a designated class of Union officials in the state was adopted and empowered by Congress to take evidence to be returned to the House of Representatives of the United States. In the action at bar the case is different. No department of the national government was related to the record or proceedings that were taken in the county court. The proceeding began and ended in that court. In the Loney Case the person taking the evidence to report became a federal officer. But the state court cannot become a federal court for the purpose of naturalization.

Section 8, art. 1, Const. U. S., empowers Congress to "establish an uniform rule of naturalization, and uniform laws on the subject of bankruptcies throughout the United States." This means that Congress should make uniform rules whereby aliens may become citizens of the United States and of the state where they reside. Amendment 14, Const.; Gassies v. Ballou, 6 Pet. 761, 8 L. Ed. 573; Slaughter House Cases, 16 Wall. 36, 21 L. Ed. 394; Boyd v. Thayer, 143 U. S. 135, 12 Sup. Ct. 375, 36 L. Ed. 103. Article 3, § 1, of the Constitution, provides:

"The judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish. The judges, both of the supreme and inferior courts, shall hold their offices during good behavior; and shall, at stated times, receive for their services, a compensation, which shall not be diminished during their continuance in office."

The present inquiry is not whether Congress could confer jurisdiction in naturalization proceedings upon the state courts; but whether in so doing it vested judicial power in an authorized federal court. The Constitution vests the judicial power of the United States in the Supreme Court and inferior courts such as Congress may "ordain and establish." Congress did not "ordain and establish" the County Court of the county of Dutchess. Const. art. 3, § 1, plainly refers to an inferior court that owes its life to an act of congress. But look farther at this section. It provides that "the judges, both of the supreme and inferior courts, shall hold their offices during good behavior; and shall, at stated times, receive for their services a compensation, which

shall not be diminished during their continuance in office." This means that the federal power shall appoint the judges (article 2, § 2), supervise their behavior, and remove them for bad behavior; and that it shall make compensation for their services, and shall not diminish the same during their continuance in office. The section does not mean that Congress can convert into a federal court a state court, ordained and established by a state, which can act on the subject delegated only by sufferance of the state, and whose judges are paid and removable by the state alone. To assert that the County Court of the county of Dutchess was a federal court is to offend article 3, § 1, of the Constitution of the United States, in every sentence and phrase thereof. In State v. Whittemore, supra, it is said:

"In the present case the oath was taken to be used in a proceeding in a state court, whose officers were appointed solely by state authority. The proceeding was, in one sense, under the laws of the United States; but it was carried on in the state court only by the sufferance of the state. The state is under no obligation to furnish tribunals to aid in the administration of the naturalization laws of Congress. and may prohibit its courts from entertaining jurisdiction of applications for naturalization. Stephen's Petition, 4 Gray, 559; Beavin's Petition, 33 N. H. 89."

This opinion further quite properly calls attention to the spectacle of a court of the state dependent upon the officer of another jurisdiction for prosecuting perjuries committed in its court. In Rump v. Commonwealth, supra, the learned judge said:

"Although such cases arise under the Constitution and laws of the United States, yet, because these are part of the law of the land, and merely give the rule for the exercise of our admitted state functions, our state courts may entertain this jurisdiction."

It is concluded that state courts, while entertaining jurisdiction in naturalization proceedings, remain state courts, and that perjury committed by a witness in such a proceeding is punishable by the sovereignty whose justice it offends (that is, the state court); and that the federal court cannot entertain jurisdiction in the absence of a federal statute conferring it.

An attempt will not be made at this time to discover a maintainable theory whereby Congress was enabled to permit the state courts to share with the federal courts jurisdiction in matters of naturalization. That it had such ability has been doubted rarely. Indeed, the Supreme Court of California considered that the exclusive jurisdiction must be vested in the state courts. Ex parte Frank Knowles, 5 Cal. 305. While the legislative authority is vested exclusively in Congress (Kent's Commentaries, vol. 1, 396, 400; Chirac v. Chirac, 2 Wheat. 259, 4 L. Ed. 234; Houston v. Moore, 5 Wheat. 49, 5 L. Ed. 19; U. S. v. Villato, 2 Dall. 370, Fed. Cas. No. 16,622, 1 L. Ed. 419; Boyd v. Thayer, 143 U. S. 160, 12 Sup. Ct. 375, 36 L. Ed. 103), the state courts could be permitted to share jurisdiction for the admission of citizens to the political bodies of the United States and of the state of residence, unless it should be concluded that it was a judicial power exclusively vested in the courts of the United States. It has been decided that the judicial power is of such a nature that it may be committed to the state courts. In the Matter of Ramsden, 13

How. Prac. 429 (1857); Ex parte Frank Knowles, 5 Cal. 305. This phase of the subject may be left at this point for a discussion of the question whether Congress did provide a statute for the punishment in the federal courts of perjuries committed in courts of a state in naturalization proceedings.

Therefore the next inquiry is whether section 5395 is applicable to perjuries in state courts. This leads to the discussion of a question made the more obscure by the manner in which the federal statutes have been enacted, revised, and repealed. At the first view there would be hesitation in concluding that Congress intended to punish perjuries in naturalization proceedings, committed in a court foreign to its governmental jurisdiction, against another and independent sovereignty, thereby making its penal statutes applicable to offenses committed against the justice of a separate state. But it is precisely what at a time, and for a time at least, it did do in plainest terms by Act July 14, 1870, c. 254, 16 Stat. 254 [U. S. Comp. St. 1901, p. 3654]. The first four sections relate specifically to naturalization. In 1875 they were embodied in the Revised Statutes, as follows:

| Act of 1870. | | Revised Statutes. |
|---|---|---|
| Section 1 | ...................................................... | Section 5395 |
| " 2 | ...................................................... | " 5424 |
| | | " 5425 |
| | | " 5426 |
| | | " 5427 |
| " 3 | ...................................................... | " 5428 |
| " 4 | ...................................................... | " 5429 |

See Rev. St. (Ed. 1878) Reference Index, p. 1149 [U. S. Comp. St. 1901, p. 3831].

The language and provisions of the sections of the act of 1870, as carried into the Revised Statutes [U. S. Comp. St. 1901, pp. 3654, 3668–3670], are practically the same, with the exception of section 4, which, in the act of 1870, was made applicable to the three sections which preceded it, while, after being carried in part, but shorn of certain definite language, into the Revised Statutes, it was made applicable only to sections 5424–5428, inclusive, formerly sections 2 and 3 of the act of 1870. This excluded section 5395, formerly section 1 of the act of 1870, from its provisions. The doubt occasioned by this change will appear from the language of section 4 and the use made of it in the Revised Statutes. Section 4 reads:

"Sec. 4. And be it further enacted, that the provisions of this act shall apply to all proceedings had or taken, or attempted to be had or taken, before any court in which any proceeding for naturalization shall be commenced, had, or taken, or attempted to be commenced; and the courts of the United States shall have jurisdiction of all offences under the provisions of this act, in or before whatsoever court or tribunal the same shall have been committed."

In the Revised Statutes, section 5429 [U. S. Comp. St. 1901, p. 3670], as substituted for section 4 of Act July 14, 1870, 16 Stat. 255, c. 254 [U. S. Comp. St. 1901, p. 3670], reads as follows:

"Sec. 5429. The provisions of the five preceding sections shall apply to all proceedings had or taken, or attempted to be had or taken, before any

court in which any proceeding for naturalization may be commenced or attempted to be commenced."

The history is this: Until 1870 Congress had enacted no special statute relating to perjuries in naturalization proceedings. In that year it did enact section 1 of the act of July 14, 1870 (16 Stat. 254, c. 254 [U. S. Comp. St. 1901, p. 3654]), covering the subject of perjuries in such proceedings, and two other penal sections, relating in other respects to naturalization. Section 4 was sufficiently broad to give the federal courts jurisdiction of offenses denounced by such sections, whether arising in a state or federal court. In 1875 Congress enacted penal sections 5395, 5424, 5425, 5426, 5427, 5428, 5429 in place of sections 1 to 4 of the act of 1870. By section 5429 it made sections 5424–5428 applicable to "all proceedings had or taken or attempted　*　*　*　before any court in which any proceeding for naturalization may be commenced or attempted to be commenced." This excludes section 5395. Is this clear evidence that Congress did not intend that section 5395 should longer apply to perjuries in courts other than federal?

Section 1 of the act of 1870 in language and substance is substantially embodied in section 5395; but to section 1 as it existed section 4 was added. That section is in part re-enacted so as to exclude section 5395. Hence, in terms, section 5395 stands as section 1 in the act of 1870 would have stood without the help of section 4. But the act of July 14, 1870 (chapter 254) was "An act to amend the naturalization laws, and to punish crimes against the same, and for other purposes." The naturalization laws (title 30), thus amended, related to proceedings before state courts as well as federal courts. Hence section 1 should be construed as amendatory of title 30, and applicable to state courts mentioned therein, irrespective of section 4, which is technically surplusage, but practically a useful aid to interpretation. This conclusion is helped by the language of section 5395, which provides:

"In all cases where any oath or affidavit is made or taken, under or by virtue of any law relating to the naturalization of aliens, or in any proceedings under such laws, any person　*　*　*　who knowingly swears falsely　*　*　*　shall be punished," etc.

An oath required by title 30, Rev. St. [page 1329, U. S. Comp. St. 1901], is taken in "any (a) proceeding under such laws." Except for such laws it could not be taken, nor, if falsely and knowingly taken, could it be the basis of a charge of perjury. Considering this language that the act of 1870 is by the terms of its title amendatory of the naturalization laws, that the offense of perjury in naturalization proceedings in any court was made cognizable by the federal courts by the act on which the revision is based, it is concluded that section 5395 is applicable to perjuries committed in naturalization proceedings in the state courts, when the oath is required by the federal statute. This conclusion is reached notwithstanding the fact that section 4 of the act of 1870 was only in part carried into the Revised Statutes, and such part made applicable to all the new sections except section 5395. This probably arose from the fact that it would not broaden, although it would make more

definite, the terms of section 5395, and from the further fact that section 5395 was placed under the chapter relating to "Crimes against Justice," while the other sections were distributed to the chapter relating to forgeries, frauds, etc., thereby separating sections that had theretofore fallen under a common title.

Whatever view may be taken of the foregoing discussion, the false oath taken in the case at bar was not one authorized or demanded by the federal statute. It was an oath added by the state law as a condition precedent to the exercise of the jurisdiction tendered by the federal statute to the state tribunal. It is true that in the Southern and Eastern Districts of New York a petition verified by an applicant must be presented as the initiatory step in naturalization proceedings, but such federal courts are permitted to establish each its own rules of practice, not inconsistent with certain other rules and statutes, and such rules have the full force of law. Section 916, Rev. St. [page 684, U. S. Comp. St. 1901]. The state law requires a similar application, but demands that it be accompanied by the affidavit of a person who can and shall testify to such residence of the applicant as must be proven on the return day to entitle him to naturalization pursuant to the federal statute. There is nothing in the federal statutes that requires the preliminary oath that was violated, and, tested thereby, it is extrajudicial and immaterial. The witness whose affidavit accompanies such petition may or may not be the witness who shall be present in court, nor was the defendant at the time of making or filing such oath doing an act stated or contemplated by the federal statutes.

The question now is whether section 5395, Rev. St. [page 3654, U. S. Comp. St. 1901], contemplates an oath or affidavit which is commanded by a state statute and is not demanded by the United States Statutes; that is, does the United States undertake to punish a breach of its own law and also any breach of the law of the state? Does the state law become also a federal law because it pertains to a court that is enabled to enforce some other cognate federal law? Had the defendant done the precise thing for which he has been convicted previous to the passage of the state act, he would have done an act required by no statute, federal or state, and could not be punished. The state statute has since placed upon him the necessity, and to that statute, and to the government creating it, he alone owes duty in taking the steps commanded by that statute. United States v. Grottkau (D. C.) 30 Fed. 672, decided that the Revised Statutes of the United States (section 5395), which provide for punishment by fine and imprisonment where any person knowingly swears falsely in an oath or affidavit made or taken under any law relating to the naturalization of aliens, are to be construed to refer to oaths which the naturalization law requires or authorizes a party to take; and that where the oath is extrajudicial, and not required or authorized by law, perjury cannot be assigned. Whatever disagreement there may be with the conclusion that the oath in that case was extrajudicial, and related to immaterial matter, although it accords with the decision in In re ———, 7 Hill, 137, 139, there can be no doubt that, if it was extrajudicial, no action for perjury could be based upon it.

The contention of the government is that section 5395, Rev. St. [page 3654, U. S. Comp. St. 1901], means that a person shall be guilty of perjury who violates any law of the United States or any law of a state by swearing falsely respecting any matter required by either of such laws. · By the statutes of the United States the Circuit and District Courts have jurisdiction, exclusive of the courts of the several states, "of all crimes and offences cognizable under the authority of the United States." Rev. St. § 711, cl. 1 [U. S. Comp. St. 1901, p. 577]. The laws of the United States do not make it an offense to testify as the defendant did in the present instance, nor did the statute intend to command that it would punish any person who committed perjury in a state court in reference to any matter that the Legislature of that state had required to be proven or should in the future require to be proven in naturalization proceedings. It was a matter that related entirely to the practice of the court, and was not substantively connected with any duty which the federal statutes imposed upon the state court or witnesses in that court. This suggested incorporation of the state law into the federal law, both as to past and future, for the purpose of making infraction thereof punishable by the United States, is not approved.

The exclusive power of Congress to establish a uniform rule of naturalization has not been considered in the present connection. But, if it be claimed that the requirement of the state statute was an addition to the existing law relating to naturalization, it would be a sufficient answer that the state has no power to enact it, as it was deprived of such power by the federal Constitution, as the cases already cited illustrate. But it is not necessary to hold that a state, as a condition of allowing its courts to entertain naturalization proceedings, may not regulate its practice and punish suitors who knowingly violate by false oaths the requirements of its statutes relating thereto, provided the "rule of naturalization" enacted by Congress is not varied. It is enough that the new requirement does not become a part of the federal law, and that any disobedience thereto must be punished by the sovereignty offended. What the defendant did he did in a court ordained and established by the state of New York and its Constitution, respecting a matter prescribed by such state, and unprovided for in the federal law, before a judge neither appointed nor compensated by the United States, but by the state, and holding his office for a term of years, and not during good behavior, and in no wise accountable or owing official duty to the United States.

It follows from the foregoing views that a new trial must be granted.