Sedgwtck, J.
There are two fatal objections to granting the relief asked. The first is that this court has no power to make up a record nunc pro tunc, when it appears, as it does in this case, that whatever certificate was given to the petitioner in 1849, no record at all, in fact, was made of the antecedent steps taken. The act of Congress specifically requires, as a fact, that the application, &c., shall be recorded, to justify the order of naturalization.
The second is, that what does appear of record shows that the petitioner did not make the application to be admitted as a person who had resided in this country between the ages of eighteen and twenty-one. It would be an error to suppose that the records of the term in question are fragmentary or admit the supposition, that things may have been done in respect of the naturalization of persons, which do not appear of record. The papers of record disclose two forms of application at that time of the same kind that are still used. There was one form in which the applicant *253 stated or declared his intention to become a citizen if he did not apply for immediate naturalization. There was another form in which was stated that he had had through a former period the intention to become a citizen. This was used when the applicant, having resided here for the specified period before attaining majority, applied for immediate naturalization. The record shows that the petitioner made his declaration of intention in the first mentioned form. The inference is irresistible that there was no application for immediate naturalization. The record shows declaration of intention to become a citizen, made by the petitioner and George R. Holland, on November 22, 1849; by Octave Rochon on November 28, 1849; by Charles Selby on December 1, 1849.
It is-just to petitioner to say that nothing has appeared in the course of this proceeding that tended to show that he did not believe that he had been naturalized or that his position is due to anything but a mistake on his part. Indeed, the facts proven show clearly that if he had made the application in form, and supported it by witnesses, who were in existence and probably present then, he could have been naturalized in 1849.
The application must be denied.