(31 Misc. Rep. 32.)

### FAY v. TAYLOR et al.

(Supreme Court, Special Term, Albany County. March 19, 1900.)

1. CITIZENSHIP—EVIDENCE.

That decedent, an alien by birth, came to this country in 1865, and lived here until his death, in 1899, during which time he participated in national and state elections, and at his death held a liquor-tax certificate, which could lawfully be issued only to a citizen, is sufficient to show prima facie that he had been in fact naturalized, and was a citizen at his death.

2. ALIENS—RIGHT TO INHERIT.

Laws 1897, c. 593, provides that any citizen of a nation which confers similar privileges on citizens of the United States may hold and convey lands within New York. An English statute (33 & 34 Vict. p. 166, c. 14) provides that real and personal property of every description may be taken, acquired, held, and disposed of by an alien in the same manner, in all respects, as by a natural born British subject. Held, that a native of Ireland, though not naturalized in the United States, may take and hold lands by devise in New York.

3. POWER OF SALE—MERGER.

Where a will devised real property absolutely and in fee to the executor, who was empowered to sell and convey the real estate, the power of sale became merged in the fee, and did not entitle an administrator with the will annexed to hold the lands devised to the executor.

Action by Mary Fay against Winifred Taylor and others. Judgment for plaintiff.

Frost, Daring & Warner, for plaintiff.

J. M. Townsend, for defendants John Taylor and Josephine Carroll, and also as guardian ad litem for Catherine J. Taylor, infant defendant.

Charles H. Mills and Joseph A. Murphy, for Margaret Carroll, Sarah Carroll Cramer, and Daniel Carroll.

N. B. Spalding, for John Carroll, and also as guardian ad litem for Mary Catherine Fay, an infant, and for Catherine F. Davin, as administratrix of Patrick Finn, deceased.

John W. Kenny (Louis M. King, of counsel), for Mary Ward, administratrix with the will annexed of Ann Finn.

CHESTER, J. This action is brought for the purpose of obtaining a partition of the real property of which it is claimed Patrick Finn died seised. He received such title as he had to the property in question under the will of his wife, Ann Finn, and died intestate. It is urged in defense that he was an alien, and therefore could not

take or hold land by devise, and for that reason the land in question belongs to the heirs of Ann Finn, instead of to those of Patrick Finn. It appears that Patrick Finn came from Ireland to this country in 1865, and lived in West Troy from that time down to the time of his death, in February, 1899. It also appears that he participated in national and state elections here; that for many years he carried on a grocery and saloon business in West Troy; and that at the time of his death he was the holder of a liquor-tax certificate, which, under the law, can only be issued to a citizen. These facts are sufficient, in my opinion, to support a finding that he was a citizen at the time of the death of his wife, in December, 1898, leaving the will containing the devise to him of this land. It is true that there was no direct proof of his naturalization, and that the burden was on the plaintiff to show that he was a citizen; but, when the facts above recited were shown by the plaintiff, they were amply sufficient to create the presumption, and to show prima facie that he was a citizen, and had been in fact naturalized. People v. Pease, 27 N. Y. 45. No proof was given to rebut this presumption. I therefore have no hesitation in finding upon this testimony the fact of citizenship.

However, if there had been no proof in this case upon which the court could base a finding of citizenship, it would not change the result in this case, under a recent statute in this state, when taken in connection with the English statute upon the subject. Our statute provides that:

"Any citizen of a state or nation which, by its laws, confers similar privileges on citizens of the United States, may take, acquire, hold and convey lands or real estate within this state, in the same manner and with like effect as if such person were, at the time, a citizen of the United States. * * *" Chapter 593, Laws 1897.

By reference to the English statute enacted in 1870, it will be seen that England does confer similar privileges upon our citizens. The English statute provides that:

"Real and personal property of every description may be taken, acquired, held and disposed of by an alien in the same manner in all respects as by a natural born British subject; and a title of real and personal property of every description may be derived through, from or in succession to an alien in the same manner in all respects as through, from or in succession to a natural born British subject." 33 & 34 Vict. p. 166, c. 14.

It is clear, therefore, that, whether Patrick Finn was a citizen or an alien, he was capable of taking and holding lands devised to him by his wife, and upon his death intestate his heirs at law became tenants in common thereof, and that the plaintiff, being one of them, is entitled to maintain this action.

It is urged by the defendant Ward, who is the administratrix with the will annexed under the will of Ann Finn, that she is entitled to hold the lands in question under a power of sale given to the executor under that will. The will devised the real property to Patrick Finn absolutely and in fee, and under it he was appointed executor, and empowered to sell and convey the real estate. The claim made under this power of sale has no force, because here

was a devise of the fee to the same person to whom the power of
sale was given, and no other person was interested in the execu-
tion of the power. The power was therefore merged in the fee,
and was inoperative, and cannot be held to cut down or affect the
fee.  Jennings v. Conboy, 73 N. Y. 230.

Findings in harmony herewith, and the usual interlocutory judg-
ment directing a sale and division of the proceeds among the heirs
at law of Patrick Finn in accordance with their respective inter-
ests, may be prepared and submitted to me for settlement on two
days' notice. The question of costs will be determined upon the
application for final judgment.