## In the Matter of the Naturalization of
## MILES O'SULLIVAN.

**St. Louis Court of Appeals, March 23, 1909.**

1. **NATURALIZATION: Correcting Record: Nunc Pro Tunc Entry.** Where the records of the court showed the naturalization of *Mike* O'Sullivan on a given date, the court could not, after the term, on the application of *Miles* O'Sullivan, correct the record so as to show that the latter was naturalized, although he presented a certified copy of the record purporting to show his naturalization on the same date; the certified copy did not correspond with the record and could not be used to correct the record, there being no entry or memorandum among the files by which the record could be corrected.

2. ———: ———: **Judgment.** A decree granting naturalization is like any other judgment of the court though not required to be in any particular form; when granted, such a judgment cannot be corrected at a subsequent term nor attacked except in the manner and for the causes for which a judgment of a court of record can be corrected or attacked.

### Original Proceeding by Motion to Correct Record of Naturalization.

MOTION DENIED.

*Dyer & Davis* for applicant.

REYNOLDS, P. J.—This is an application by Miles O'Sullivan for a correction of the record of this court, made on the sixth of October, 1902. It is stated in the application that Miles O'Sullivan appeared before the judges of this court at a regular session thereof, with two competent witnesses, citizens of the United States, who had known that the said Miles O'Sullivan arrived in the United States before he had attained the age of eighteen years and that for the last two years prior to the said sixth of October, 1902, it had been bona fide his

intention to become a citizen of the United States, where
he had resided at least five years prior to the sixth of
October, 1902, and in the State of Missouri at least one
year immediately preceding the said October 6, 1902,
during all of which time he had conducted himself as
a man of good moral character, attached to the princi-
ples of the Constitution of the United States.    That
Miles O'Sullivan and his said witnesses were duly sworn
before the court and the court being satisfied that said
Miles O'Sullivan had taken the preparatory steps re-
quired by the laws of the United States concerning the
naturalization of foreigners, that he had declared in open
court upon oath that he would support the Constitution
of the United States and entirely renounce all
allegiance to any foreign power, etc., particu-
larly to the King of England (Great Britain) of
whom he was at that time a subject, this court
had admitted him to be a citizen of the United
States and ordered that the records of this court show
that he was, on the sixth of October, 1902, duly admitted
as a citizen of the United States.   It is then averred
that the clerk of this court issued to Miles O'Sullivan
what purported to be a certified copy of the record of the
St. Louis Court of Appeals, naturalizing said Miles
O'Sullivan on that date; that he, Miles O'Sullivan, had
recently discovered that this certificate of citizenship
or naturalization is not a correct copy of the record of
this court, as spread on its records, but that the record
of this court shows that one Mike O'Sullivan was nat-
uralized on that date, whereas in truth and in fact, as he
avers, that record should show that he, Miles O'Sullivan,
was duly naturalized upon that date.   He therefore
prays this court to correct the court record to read ac-
cordingly, so as to show that it was Miles O'Sullivan
who was naturalized and admitted to citizenship on that
date by this court.   Accompanying the application is
what purports to be a certified copy, under the seal of
this court and signed by its clerk, of the certificate show-

ing the naturalization of Miles O'Sullivan on that date. That is to say, we are asked to correct the record by this certificate. This cannot be done. This certificate is not sustained by any record or entry of the court and is therefore a nullity, and cannot be used to correct the record. Nor is there entry or memoranda among the files of the court or in the office of the clerk by which the record can be corrected, and these lacking we are without power to correct the record. We have nothing before us from which we can make the correction desired. Furthermore, a decree granting naturalization is like any other judgment of the court; while not required to be of any particular form, when granted, an order admitting to citizenship has all the effect of a judgment. The proceeding is generally regarded as a proceeding *in rem*. When granted, the order or judgment granting it cannot be corrected at a subsequent term to that at which it was rendered, nor attacked except in the manner and for the causes for which judgments of a court of record can be assailed. If attacked in a proper proceeding, it might, for cause, be annulled, set aside or parties enjoined from claiming under it. Motion denied. All concur.