## C. A. MILLER v. JOHN BERG.[1]

December 22, 1933.

No. 29,601.

[1] Reported in 251 N. W. 682.

*Frank Palmer, for* contestant-appellant.
*Jevne & Blomholm,* for contestee-respondent.

OLSEN, *Justice.*

This is an election contest brought by C. A. Miller, contestant, a legal voter of Koochiching county, to contest the election of John Berg, contestee, as judge of probate of said county, at the 1932 general election. The sole ground of contest is the claim that Berg was not and is not a citizen of the United States or of this state. The trial court found as facts that Berg was a naturalized citizen of the United States, having received his second and final citizen-

ship papers in 1888, and that he was and had been for more than 20 years a resident and legal voter of the county of Koochiching, and, in effect, dismissed the contest. Judgment was accordingly entered, and from the judgment C. A. Miller appeals.

If the finding that John Berg was a naturalized citizen ever since 1888, and the further finding that ever since that time he has exercised the right to vote, has held numerous elective offices within this state, and for the past 20 years has been elected, has qualified and served as judge of probate of Koochiching county, Minnesota, are sustained by the evidence, the judgment must be affirmed.

On the first point, Berg's naturalization in 1888, the evidence, briefly outlined, is as follows: He is a native of Sweden and came to the United States in January, 1883. He came to the state of Michigan, there made his declaration of intention to become a citizen of the United States, and received what he calls his first papers. A year or so thereafter he removed to Tower in St. Louis county in this state. He testified that at Tower, during the presidential election campaign in 1888 and before the November election, a special term of the state district court for that district was held for the purpose of hearing applications for naturalization; that he appeared before the court with two named witnesses and was admitted to citizenship and received from the clerk of that court a certificate showing his citizenship; that thereafter, prior to 1898, he moved to Koochiching county and has since resided there; that some time later, in 1902, his citizenship papers were destroyed in a fire which burned his place of business. Search of the court records of St. Louis county has failed to disclose any record of his admission to citizenship. In addition to his own testimony, he produced two witnesses who testified that in 1898 some controversy arose as to his citizenship in connection with a postoffice matter, and that Berg then produced his papers to these witnesses. One of them testified positively that the papers produced were second, final citizenship papers.

Some question is raised as to the competency and sufficiency of this evidence to prove citizenship. This is not a suit to restore or have replaced a lost record of the district court, but to prove

by secondary evidence the citizenship of the contestee. The certificate of citizenship, which contestee testified he received from the clerk of court and which has since been destroyed, would be at least prima facie evidence of his citizenship. This destroyed instrument could be proved by secondary oral evidence, there being no other or better evidence available. His testimony, that he appeared before the court with his witnesses in a naturalization hearing and that such certificate was thereupon received by him, we think was competent.

■ The second proposition presented is the undisputed evidence that Berg, ever since 1888, has exercised all the rights of citizenship, has continuously voted at elections, has held numerous elective offices, and has been elected, has qualified and served as judge of probate for the last 20 years. To so serve he must have been elected at least five times and have taken oath to support the constitution of the United States and of this state at least that many times. He believed and was justified in believing that he was a citizen. There was here sufficient proof of citizenship under the holding in the case of Blight v. Rochester, 20 U. S. 535, 5 L. ed. 516; Hogan v. Kurtz, 94 U. S. 773, 24 L. ed. 317; Boyd v. Nebraska ex rel. Thayer, 143 U. S. 135, 12 S. Ct. 375, 36 L. ed. 103; and later cases following Boyd v. Nebraska ex rel. Thayer.

■ After the present controversy arose as to Berg's citizenship, in the fall of the year 1932, he filed two petitions in the federal court at Duluth. One was an ordinary petition for naturalization, under subsec. 10, sec. 4, of the act of congress of May 9, 1918, as amended, 8 USCA, 425, § 377; the other was an alternative petition, later amended, setting up the fact that he had appeared before the judge at Tower, Minnesota, in 1888, and was then on his petition granted his final citizenship papers, later destroyed in the fire mentioned; that he had since believed he was a citizen and had exercised the right to vote and had held public office, as before stated. He asked that a hearing thereon be had to determine whether he was already a citizen. No action has been taken and could not well be had on the alternative amended petition so filed. Contestee refused to accept new naturalization papers until it should be first

determined whether he was already a citizen. There is nothing in relation to these petitions in any way conclusive as to the question of his citizenship.

██ The contestee, respondent here, argues that the present contest should be dismissed on the ground that the question of his citizenship could only be raised by writ of *quo warranto* and not by contest. We agree with the trial court that the question may be raised by an election contest under our statute. It may be raised by *quo warranto*, but that is not the exclusive remedy.

Judgment affirmed.

